**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORD ABBETT MUNICIPAL INCOME FUND, INC., a Maryland corporation, on behalf of its series Lord Abbett High Yield Municipal Bond Fund; LORD ABBETT NATIONAL TAX-FREE INCOME FUND; LORD ABBETT CALIFORNIA TAX-FREE INCOME FUND, | No. 14-16532 |
| | D.C. Nos.   4:12-cv-03694-DMR |
| | 4:12-cv-06185-DMR |
| Plaintiffs - Appellants, | |
| v. | MEMORANDUM* |
| JOANN ASAMI; R. THOMAS BEACH; JANE BREYER; JENNIFER CAMPBELL; OREN CHEYETTE; LYNN DE JONGHE; ROSALIND HAMAR; TIMOTHY MOPPIN; GINA MORELAND; JENNIFER VILLENEUVE; VALERIE MCCANN WOODSON; STONE & YOUNGBERG, LLC, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted June 15, 2016
San Francisco, California

Before: WALLACE, SCHROEDER, and OWENS, Circuit Judges.

Lord Abbett Municipal Income Fund, located in New Jersey, appeals from the district court's grant of summary judgment to the defendants in Lord Abbett's action for damages arising out of its purchase of bonds issued by a California non-profit private school that later failed, Windrush. We affirm the district court's judgment in favor of both the individual board members of the school and Stone & Youngberg ("S&Y"), the broker-dealer handling the sale of the bonds.

The district court did not err in granting summary judgment in favor of S&Y under both the California Securities Act and the New Jersey Uniform Securities Law. There is no dispute that the California Securities Act requires strict privity between a buyer and a seller in order to maintain a claim against a seller for relief. *See, e.g.*, *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 70 Cal. Rptr. 3d 199, 221–22 (Ct. App. 2007). Lord Abbett argues that privity is not required under the New Jersey Uniform Securities Law, but the controlling authority is the New Jersey Supreme Court's decision in *Kaufman v. i-Stat Corp.*, 754 A.2d 1188 (N.J. 2000), which holds that the New Jersey Uniform Securities Law does require privity. 754 A.2d at 1197–98.

While Lord Abbett contends that there was privity because S&Y was a seller, the controlling document is the contract between Windrush and S&Y. It established S&Y's role as a "placement agent," not a seller. As a placement agent, S&Y was required to use its best efforts to find purchasers for the bonds; the agreement did not create any obligation on the part of S&Y to pay Windrush for the bonds if purchasers were not found.

While in some transactional documentation, S&Y referred to itself as an "underwriter" or "principal," the district court correctly observed that these were labels that did not define the role S&Y played in the bond issuance. The contract established the relationship between S&Y and the school.

The district court did not err in disregarding a declaration of Lord Abbett's proffered expert witness. She had not been established as an expert, and in any event, her testimony was offered for the purpose of creating an ambiguity in the document that contained none.

With respect to the 2010 purchase of the bonds by Lord Abbett in the secondary market, there could have been no reasonable reliance on the three-year-old preliminary limited offering memorandum ("PLOM"). The defendants had made available to Lord Abbett information that would have shown that the projections would not be fulfilled. Lord Abbett was invited to attend a conference

call in which the relevant information was provided, but Lord Abbett did not participate.

Under California law, the board members are not vicariously liable to Lord Abbett because they did not authorize, direct, or otherwise meaningfully participate in making the alleged misrepresentations in the PLOM. *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 463 P.2d 770, 775 (Cal. 1970); *Frances T. v. Village Green Owners Ass'n*, 723 P.2d 573, 580–84 (Cal. 1986). The board members are not individually liable to third persons for negligence amounting to nonfeasance in a case that involves only pecuniary harm. *See id.*

**AFFIRMED**.